IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00339-CMA

JOSE RODRIGUEZ,

    Applicant,

v.

E. WILLIAMS, Warden of Federal Correctional Institution,

    Respondent.

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR RECONSIDERATION**

    This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 10) (the "Amended Application") filed *pro se* by Applicant, Jose Rodriguez, on May 15, 2020, and the Motion for Reconsideration (Doc. # 26) filed by Applicant on October 19, 2020. Mr. Rodriguez has paid the filing fee. (Doc. # 2.)

    The Court must construe the Amended Application, the Motion for Reconsideration, and other papers filed by Mr. Rodriguez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

On August 6, 2020, the Court dismissed the Amended Application in part. (Doc. # 22.) The third and fourth claims in the Amended Application, alleging that the search of Applicant's cell violated his constitutional rights, were dismissed without prejudice for failure to exhaust administrative remedies. (*Id.*) Respondent was ordered to show cause as to why the Amended Application should not be granted for the remaining two claims. (*Id.*) Respondent filed a Response to the Order to Show Cause ("the Response") (Doc. # 24) on September 8, 2020, and Mr. Rodriguez filed a Reply ("the Reply") (Doc. # 25) on September 14, 2020. In addition, on October 19, 2020, Mr. Rodriguez filed a Motion for Reconsideration. (Doc. # 26.) Respondent filed a Response to the Motion for Reconsideration (Doc. # 27) on November 9, 2020.

For the reasons discussed below, Mr. Rodriguez's Motion for Reconsideration will be denied. Further, after reviewing the pertinent portions of the record in this case, including the Amended Application, the Response, and the Reply, the Court finds and concludes that the Amended Application should be denied and the remaining claims dismissed with prejudice.

### I.     BACKGROUND

Mr. Rodriguez is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the Federal Medical Center in Fort Worth, Texas. In his Amended Application, Mr. Rodriguez challenges the disciplinary sanctions imposed against him as a result of an Incident Report, dated January 2, 2019, when he was incarcerated at the Federal Correctional Institution in Florence, Colorado. The Incident

2

Report alleged that narcotics were found in Applicant's cell. (Doc. # 10 at 6.) At a hearing in front of a Disciplinary Hearing Officer, Mr. Rodriguez admitted that the drugs were his. (*Id.* at 8.) He was found guilty and sanctioned with the loss of 123 days of good conduct time and loss of visiting, phone, and email privileges for 60 days. (*Id.*)

Applicant commenced this action on February 10, 2020. (Doc. # 1.) On May 15, 2020, he filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 10), which is the operative pleading. In the Amended Application, Mr. Rodriguez asserted four claims. The first and second claims, which are the only claims remaining, allege that a typographical error in the Incident Report, which states the incorrect date that the incident occurred, makes the Incident Report null and void and violated his constitutional rights. As relief, he requests that the Incident Report be stricken and that his good conduct time be reinstated.

## II.    MOTION FOR RECONSIDERATION

On October 19, 2020, Applicant filed a Motion for Reconsideration. (Doc. # 26.) However, in the motion, he does not specifically identify what he would like the Court to reconsider. On November 9, 2020, Respondent filed a Response to the Motion for Reconsideration. (Doc. # 27.)

In the Motion for Reconsideration, Applicant asserts arguments in support of his first and second claims, regarding the erroneous date on the Incident Report. (Doc. # 26.) However, at the time he filed the Motion for Reconsideration, the Court had not made a determinative ruling regarding those claims. In Applicant's Reply (Doc. # 25),

filed September 14, 2020, he asserts arguments regarding the dismissal of his third and fourth claims. Thus, liberally construing Applicant's Motion for Reconsideration, he may be attempting to ask the Court to reconsider the August 6, 2020 order dismissing his third and fourth claims, regarding the search of his cell, for failure to exhaust administrative remedies. (Doc. # 22.)

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e); *Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Applicant's motion for reconsideration was filed more than twenty-eight days after the Court's August 6, 2020 Order to Dismiss in Part. Therefore, the motion will be construed as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) allows a court to grant relief from an order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged . . . ; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990); *see also Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) (relief under Rule 60(b) is appropriate only in extraordinary circumstances).

In his Motion for Reconsideration, Applicant provides no arguments that the Court has misapprehended the facts, a party's position, or the controlling law in the August 6, 2020 Order to Dismiss in Part. (Doc. # 26.) In his Reply, Applicant argues that although he did fail to exhaust the administrative remedies for his third and fourth claims, the claims were based on "fruit of the poisonous tree" because of the erroneous date in the Incident Report. (Doc. # 25.) His argument regarding "fruit of the poisonous tree" is not applicable to the requirement to exhaust administrative remedies for his habeas claims. As such, Applicant has failed to demonstrate extraordinary

circumstances to justify vacating the August 6, 2020 Order to Dismiss in Part. Applicant's Motion for Reconsideration will be denied.

### III.     APPLICATION FOR A WRIT OF HABEAS CORPUS

### A.     STANDARD OF REVIEW

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see also *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

With respect to prison disciplinary proceedings, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); see also *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance

> written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (internal citation and quotation marks omitted).

**B.     ANALYSIS**

The remaining claims in the Amended Application are the first and second claims, which allege that a typographical error as to the date of the incident in the Incident Report makes the Incident Report null and void and violated Applicant's constitutional rights. (Doc. # 10 at 2.) Specifically, Applicant describes these claims as follows: (1) "The Warden's determination that the typographical error appearing in the incident report was harmless still leaves the entry void and categorically prejudicial"; and (2) "If the entry was no[t] prejudicial, why then, would the Florence Staff attempt to cover/ alter the entry?" (*Id.*)

The Court has reviewed the Incident Report, which is attached to Applicant's Amended Application. (*Id.* at 6.) The Incident Report correctly states, in at least two places, that the incident occurred on "January 2, 2019." (*Id.*) It further indicates that the Incident Report was written on "01/02/2019," and delivered to the inmate on "1-2-19."

7

(*Id.*) However, at one place in the Incident Report, it mistakenly states that the incident occurred on "01/02/2018." (*Id.*)

Applicant argues that the error in the Incident Report makes the report null and void. He alleges that he was prejudiced by the error because he had to prepare his defense based on the facts stated in the report. He further argues that the Warden attempted to hide/cover up the mistaken date in the Incident Report, which proves that the mistake was prejudicial to Applicant. Applicant has attached a separate Incident Report, where the erroneous date is smudged or blurry. *See* (*id.* at 7). Apparently, this separate Incident Report supports Applicant's allegation that the Warden or someone at the facility attempted to hide the mistake in the Incident Report..

Despite Applicant's arguments, the Incident Report at issue properly provided him with advanced written notice of the charges against him and enabled him to marshal the facts and prepare a defense. *See Wolff*, 418 U.S. at 564 (holding that advanced written notice of the charges must be given in order to inform the inmate of the charges and to enable him to marshal the facts and prepare a defense). Because there were at least four separate instances in the Incident Report that referenced January 2, 2019, and only one instance that referenced January 2, 2018, the one typographical error referencing 2018 did not violate Applicant's due process rights. Applicant himself concedes that he was not even incarcerated at the institution in January 2018. (Doc. # 10 at 2.) As such, Applicant cannot reasonably suggest that he had no notice or knowledge as to the charged violation against him. "A non-prejudicial

8

typographical error [in an Incident Report] is of no constitutional significance." *Bailey-El v. Compton*, No. CIV.A.7:03 CV 00817, 2004 WL 3314945, at *3 (W.D. Va. June 8, 2004) (obvious from the incident report that an erroneous date was a typographical error because the report contained the correct date in several locations and inmate clearly understood what date and conduct the incident report referred to); *see also Hairston v. Boyce*, No. CIV. 07-1945 (JBS), 2008 WL 2095771, at *7 (D.N.J. May 16, 2008) (typographical error in incident report does not support a due process violation); *Haywood v. Warden of USP-Big Sandy*, No. 7:20-CV-055-HRW, 2020 WL 4288405, at *2 (E.D. Ky. July 27, 2020) (typographical error of date when Incident Report was provided to inmate did not violate due process); *Lytle v. Warden, FCI-Bennettsville*, No. 516CV02277TMCKDW, 2018 WL 4560573, at *7 (D.S.C. Mar. 30, 2018), *report and recommendation adopted*, No. CV 5:16-2277-TMC, 2018 WL 4178448 (D.S.C. Aug. 31, 2018) (typographical error in an incident report does not support a due process violation). Thus, Applicant received adequate advance notice of the charge against him, and the typographical error in the Incident Report did not violate his due process rights. He is not entitled to relief with respect to his first and second claims.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal, he must pay the full $505 appellate filing fee

or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

## IV.    CONCLUSION

For the foregoing reasons, it is

ORDERED that the first and second claims in the Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed May 15, 2020, (Doc. # 10) are DENIED and DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that Applicant's Motion for Reconsideration (Doc. # 26) is DENIED. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.


DATED:  March 17, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge